United States District Court
District of Massachusetts

|                                  )                        |
|                                  )                        |
| CHARLES LLOYD,                   )                        |
|          Plaintiff,              )                        |
|                                  )                        |
|      v.                          )   CIVIL ACTION         |
|                                  )   No. 19-10757-TSH     |
|                                  )                        |
| COMPASS GROUP USA, INC.,         )                        |
|          Defendant.              )                        |
|                                  )                        |

## Memorandum of Decision and Order
October 8, 2019

**HILLMAN, D.J.**

### Background

Plaintiff, Charles Lloyd ("Lloyd"), brings an action against Defendant, Compass Group USA, Inc. ("Compass"), for breach of contract. He alleges that Compass reneged on a promise to him that he would continue to be paid hourly and be eligible for overtime in his new position as Executive Chef at Bateman Community Living, LLC ("Bateman"). More specifically, Lloyd claims that since starting work at Bateman, he has been paid a flat salary and designated exempt from overtime pay. Compass asserts that a subsequent purchaser of Bateman, Elior Inc. ("Elior") changed how Lloyd's position is compensated. It seeks dismissal of Lloyd's claim on the grounds that it cannot be liable for the actions of a third party. This Memorandum of Decision

and Order addresses Defendant Compass Group USA, Inc.'s Mot. To Dismiss (Docket No. 9). For the reasons set for the below, that motion is *denied*.

## **Standard of Review**

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). The standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

## Facts

Lloyd worked for Bateman as a cook from November 2004 until June of 2018. During this time period, Compass owned Bateman. Around June 2018 James Sullivan ("Sullivan"), Bateman's regional manager, offered Lloyd the opportunity to run his own kitchen as an "Executive Chef" for Bateman/Compass. Sullivan told Lloyd he would be paid hourly and would still be eligible for overtime at his new position. Lloyd accepted the position. Lloyd worked for Bateman/Compass as an Executive Chef for approximately two weeks before Elior purchased Bateman from Compass. After the purchase Elior/Bateman informed Lloyd that they would pay him a salary instead of hourly wages, and he would be exempt from overtime pay.

## Discussion

A protracted discussion of the merits of Compass's motion to dismiss is not warranted. The primary issues with regard to Lloyd's claim against Compass are: when was the decision of how Lloyd would be compensated made; what entity made that determination; and how was Lloyd compensated for the two week period prior to the sale of Bateman to Elior. Compass's written submissions do not address the issue of Lloyd's compensation prior to the sale to Elior. Moreover, at oral argument Plaintiff's counsel admitted he was unsure of how Lloyd was paid during those two weeks. As to the remaining issues, Compass asserts Elior made the determination of how Lloyd would be compensated after it purchased Bateman. While Compass puts forth a compelling case, making this determination would require the Court to rely on facts that are not in the Complaint and therefore, cannot be considered on a motion to dismiss. Given that the issues raised by Compass are likely dispositive of Lloyd's claims against it, before expending a lot of time and money on this case, the parties may want to consider conducting

limited discovery on these issues (a matter which they can address at the Scheduling Conference).

## **Conclusion**

Defendant Compass Group USA, Inc.'s Mot. To Dismiss (Docket No. 9) is ***denied***.


*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE